Page 2                    CONNECTICUT LAW JOURNAL                    November 11, 2025

666                NOVEMBER, 2025        353 Conn. 666

Brewer *v.* Commissioner of Correction

JOHN BREWER *v.* COMMISSIONER OF CORRECTION
(SC 21018)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander, Dannehy and Bright, Js.

Argued September 22—officially released November 11, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Schuman, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *Alvord, Cradle* and *Suarez, Js.*, which affirmed the habeas court's judgment, and the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Julia K. Conlin*, assigned counsel, with whom were *James P. Sexton*, assigned counsel, and, on the brief, *Emily Graner Sexton*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Sharmese L. Walcott*, state's attorney, and *Kelly Masi* and *Marc Ramia*, senior assistant state's attorneys, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, John Brewer, appeals, upon our grant of his petition for certification,[1] from

---

[1] We granted the petitioner's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issues: (1) "Is the record adequate to review the petitioner's claims of ineffective assistance of trial and habeas counsel when the habeas court had determined that its rejection of the petitioner's claim under *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), necessarily disposed of his ineffective assistance claims?" And (2) "[d]id the Appellate Court properly reject the petitioner's claims of ineffective assistance of trial and habeas counsel stemming from trial counsel's failure to investigate the key witnesses' expectations of favorable treatment in exchange for their cooperation?" *Brewer* v. *Commissioner of Correction*, 349 Conn. 910, 314 A.3d 601 (2024).

353 Conn. 666    NOVEMBER, 2025    667

Brewer *v.* Commissioner of Correction

the judgment of the Appellate Court affirming the judgment of the habeas court, which denied his fourth petition for a writ of habeas corpus. See *Brewer* v. *Commissioner of Correction*, 224 Conn. App. 902, 902, 310 A.3d 414 (2024). On appeal, the petitioner claims that the Appellate Court improperly affirmed the judgment of the habeas court.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.